LEE McNEELY, Administrator, Appellant, v. R. F. CONLON et al., Appellees.

No. 41604.

APRIL 4, 1933.

REHEARING DENIED SEPTEMBER 21, 1933.

Hurd, Lenehan, Smith & O'Connor, for appellant.

Kenline, Roedell, Hoffman & Tierney and M. H. Czizek, for appellees.

STEVENS, J.—Appellant is the surviving husband and administrator of the estate of Marian H. McNeely who, on or about December 18, 1930, was struck by an automobile, at or near an intersection on Grandview avenue in the city of Dubuque, driven by appellee R. F. Conlon, and owned by his father, codefendant herein, and killed. Decedent resided near the place of the accident, and had just alighted from a bus on her way home.

The propositions relied upon for reversal do not necessitate a very extensive or detailed statement of the record. The automobile which struck her was proceeding northwesterly on Grandview avenue. Deceased was in the act of crossing from the parking in the center of the street to the walk on the opposite side thereof when struck.

Included in the grounds of negligence was the charge that the driver of the car approached the intersection without having his car under control. On motion of appellee, this ground of negligence was withdrawn by the court and not submitted to the jury. This ruling is complained of.

The only evidence bearing upon the speed and operation of the automobile was that of Lee McNeely, a 14 year old son of deceased, and the driver of the automobile. The boy testified that the automobile passed him when he was 130 or 140 feet from the place of the accident at an estimated speed of from thirty-five to forty miles per hour. The driver of the car testified that he reduced the speed of the car and entered the intersection at about twenty miles per hour. Testimony based upon alleged prior statements of the driver of the car tending to show that he was driving at least twenty-five miles per hour when he crossed the intersection was introduced by appellant. The evidence, therefore, tending to show that the car at the time it entered the intersection was not under control, was very slight. As the automobile approached deceased, whom the driver had seen some distance away, he sought to turn it to the right. The street at that point was icy, and, according to his testimony, the car continued to go forward without substantial change of direction. The court is of the opinion that, while there may have been some slight testimony tending to sustain the allegation withdrawn by the court, a reversal based upon the failure to submit this issue would hardly be justified.

II. Numerous instructions in which the subject of contributory negligence is referred to are challenged upon the ground that they gave undue prominence and emphasis thereto. While somewhat lengthy, the instructions at this point were apparently fair to both sides. The criticism urged is without substantial merit. We have carefully scrutinized each paragraph of the charge and the charge as a whole, and find no error therein justifying a reversal.

III. The witness Lee McNeely, who, as already indicated, was near the scene of the accident, described what he saw. Observing that his mother was struck by the automobile and left lying on the

pavement, he went at once to her. Conlon, the driver of the car, which had run into a telephone pole and brought to a standstill, also went immediately to the assistance of the injured woman. The testimony of Lee McNeely in chief was limited strictly to a description of the scene and of what occurred. On cross-examination he was asked by counsel if he did not, while his mother was still lying upon the ground, say to Conlon, "Mister, you are not to blame for this." The only objection interposed to this testimony was that it was not cross-examination. We think clearly it was not, unless it tended to impeach the testimony of the witness that the automobile when it passed him was proceeding at thirty-five or forty miles per hour. That it was admissible and proper on this ground is urged by appellee, who also strenuously insists that it was a part of the *res gestae*, and that for this reason the cross-examination was proper. Statements made as a part of the *res gestae* are substantive evidence of the matter stated. Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638. No reference, direct or indirect, to the alleged statement of the witness, was made in the examination in chief. The rule that cross-examination must ordinarily be limited to the scope of the examination in chief is too familiar to require citation. This statement which the witness frankly admitted, tended not at all to impeach his previous testimony as to the speed of appellee's automobile. The alleged failure of appellee to approach the intersection with his car under control was, upon motion of appellee, withdrawn by the court. The testimony of the driver that the speed was reduced as he entered the intersection, except as already indicated, was without conflict. Clearly, the mere fact that the statements of the witness may have been a part of the *res gestae* did not obviate the objection urged. The substantive evidence detailed by the witness was limited strictly to what he saw and observed. It is true that in permitting cross-examination the court exercises wide discretion, but this discretion does not go to the extent of permitting prejudicial error or the admission of improper testimony. Whether the statements were, or were not, a part of the *res gestae* is at this point immaterial. The statement in the declaration in question had no reference whatever to anything done by the witness in connection with the unfortunate occurrence. Manifestly, this testimony was highly prejudicial and in no sense cross-examination. No offer thereof was subsequently made by appellees as a part of their defense.

For the error here pointed out, the judgment below must and it is reversed.—Reversed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.